FILED

JUL 19 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WAUKEEN Q. MCCOY, | No. 11-15501 |
| Appellant, | D.C. No. 3:04-cv-00098-SI |
| v. | |
| FEDERAL EXPRESS CORPORATION, a Delaware corporation, DBA Fedex Express, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding

Argued and Submitted June 15, 2012[**]
San Francisco, California

Before: HUG, RAWLINSON, and IKUTA, Circuit Judges.

Waukeen McCoy appeals from the district court's order granting Federal

Express Corporation's ("FedEx") interpleader motions and assessing McCoy costs

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    This case was submitted on the briefs for Appellant.

for certain proceedings before a special master. Although McCoy's appeal was premature when filed, the district court order McCoy challenges has since been reduced to a final judgment. We therefore have jurisdiction over McCoy's appeal under 28 U.S.C. § 1291, *see TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 695 n.1 (9th Cir. 2001), and we affirm in part, reverse in part, and remand.

The district court did not abuse its discretion in granting FedEx's motion to interplead the plaintiffs' judgment funds because there were multiple competing claims to those funds that were potentially adverse to FedEx. *See Libby, McNeill, & Libby v. City Nat'l Bank*, 592 F.2d 504, 507 (9th Cir. 1978). Moreover, we reject McCoy's argument that the district court did not obtain personal jurisdiction over him. McCoy did not raise his personal jurisdiction objection until he had made numerous appearances before the court in the attempt to secure his claimed portion of the plaintiffs' judgment funds, including his filing of a response to FedEx's motion to interplead plaintiff Edward Alvarado's jury award in which he described himself as a "lienholder and intervenor" in the interpleader matter and agreed that interpleader was appropriate. McCoy thereby manifested his consent to the court's exercise of the personal jurisdiction over him in the interpleader matter. *See S.E.C. v. Ross*, 504 F.3d 1130, 1148–49 (9th Cir. 2007).

We also affirm the district court's decision to assess McCoy the $20,225.72 in costs associated with sanctions proceedings before the special master. The district court acted within its discretion in requiring McCoy to pay a compensatory sanction reflecting the special master's fees incurred as a result of McCoy's bad faith conduct. *See Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1111 (9th Cir. 2005).

However, we reverse the district court's decision ordering McCoy to pay the $3,578.55 in fees his former clients owed the special master. The district court provided no legal or factual support in reaching its conclusion that McCoy was liable for his former clients' court fees solely because he acted as counsel for the clients at the time the fees became due, nor are we aware of any principle supporting that result. We accordingly reverse and remand for further proceedings consistent with this disposition.

**AFFIRMED in part, REVERSED in part, and REMANDED.**

Appellant shall bear the costs on appeal.